RECEIVED
JUN 17 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE - OPELOUSAS DIVISION

| | |
|---|---|
| **GEORGE RAYMOND WILLIAMS, M.D., ORTHOPEDIC SURGERY, A PROFESSIONAL MEDICAL L.L.C** | **CIVIL ACTION NO.: 06:09-CV-01989** |
| **VERSUS** | **JUDGE HAIK** |
| **BESTCOMP, INC.** | **MAGISTRATE JUDGE HILL** |

## ORDER

Before the Court is a Motion to Reconsider (Doc. 42) and a Motion for Recusal (Doc. 43) filed by Defendant, Bestcomp, Inc. Plaintiff's previously filed a Motion to Remand (Doc. 14), which was heard with oral argument before this Court on May 13, 2010. On that date, the Court granted the Plaintiff's Motion to Remand. The Court subsequently signed the Order of Remand (Doc. 40) on May 27, 2010. On June 1, 2010, the Clerk of Court for the Western District of Louisiana sent Notice of the Remand (Doc. 41) to the Clerk of Court in the 27th Judicial District. Defendant's Motion to Reconsider (Doc. 42) and Motion for Recusal (Doc. 43) were filed on June 15, 2010.

Upon review of this matter, the Court has determined that it lacks jurisdiction and therefore may not consider the Motion to Reconsider. It is well established law in the Fifth Circuit that a district court's order remanding a cause of action to state court is generally not reviewable. This means not only that a remand order may not be appealed, but that it may also not be reconsidered by the district court. *New Orleans Public Service v. Majoue*, 802 F.2d 166, 167 (5th Cir. 1986). Once a district court has remanded a case to state court, it is divested of

jurisdiction. A remand order is final once a certified copy of the order is forwarded to the clerk of the state court. *Browning v. Navarro,* 743 F.2d 1069, 1078 (5th Cir.1984). The Notice of Remand was forwarded to the Clerk of the 27th Judicial District on June 1, 2010. Thus, this Court was divested of jurisdiction on that date and Defendant's Motion for Reconsideration is clearly non-reviewable.

Further, the Court has determined that it also lacks jurisdiction over the Motion to Recuse filed by the Defendant. Because the State Court retained jurisdiction over this matter on June 1, 2010, and the Motion for Recusal was filed on June 15, 2010, the Court does not have jurisdiction to rule upon a Motion for Recusal. In addition, the Court would like to note that the undersigned's son is in fact an associate, not a partner, at the law firm of Morrow, Morrow, Ryan and Basset. While defense counsel states that my son, Richard T. Haik, Jr., represents this same Plaintiff in other suits filed in State Court, he does not represent the Plaintiff in the matter before this Court. The undersigned has no knowledge of this representation with the exception of Defense Counsel advising the Court of this information. Richard T. Haik, Jr. is not enrolled in this case, has not signed any pleadings in this case, and the undersigned has no knowledge of cases that he handles as an employee of the Morrow Firm.

Additionally, at the motion hearing on May 13, 2010, the undersigned disclosed to all Counsel that his son was in fact employed by the law firm of Morrow, Morrow, Ryan and Bassett. After asking if counsel had a problem with this, defense counsel replied, "I do not, Your Honor. I wasn't aware of it."[1] Thus, the Court finds that if it had retained jurisdiction over this matter, a recusal would not be warranted.

---

[1] See Transcript of May 13, 2010 hearing at pages 2-3 (attached).

THUS DONE AND SIGNED this 17th day of June, 2010 at Lafayette, Louisiana.

JUDGE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA